# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

COVINGTON SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No:   3:14-cv-425-J-32JRK

S. BROOKS BUSEY, JAMES HOUSE,
and RONALD WALL,

    Defendants.

## **O R D E R**

    Plaintiff Covington Specialty Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Defendant S. Brooks Busey with respect to personal injury claims asserted by Defendants James House and Ronald Wall. (Doc. 1 at 1). House and Wall allegedly sustained personal injuries while installing sheet metal on the roof of a barn on Busey's property. (Doc. 1 at 3).

    Wall filed a motion to dismiss (Doc. 9), to which Covington responded (Doc. 11; Doc. 35), and Wall (Doc. 36) and Busey (Doc. 38) replied. Wall then moved to strike exhibits attached to Covington's response to the motion to dismiss (Doc. 12), Covington responded (Doc. 16), and Wall replied (Doc. 17). Wall next filed a second motion to dismiss (Doc. 27), to which Covington responded (Doc. 30). Those motions were referred to the assigned United States Magistrate Judge, who submitted a Report and Recommendation recommending that all three motions be denied. (Doc. 45). Wall objected to the Report and Recommendation (Doc. 57) and Covington responded (Doc.

61). Upon de novo review of the file, the Court agrees with the Magistrate Judge and adopts his Report and Recommendation as the opinion of the Court as to all issues except whether Covington is diverse from House (Doc. 45 at 13-15).[1]

As the party invoking the Court's jurisdiction, Covington has the burden of proving by a preponderance of the evidence that the Court has diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Covington is a citizen of both New Hampshire and Georgia. (Doc. 1 at 2). Busey and Wall are citizens of Florida. (Doc. 1 at 2). As the Court accepts the Magistrate Judge's findings regarding the amount in controversy, it therefore has diversity jurisdiction if Covington has proven by a preponderance of the evidence that House is not a citizen of Georgia or New Hampshire.

An individual is a citizen of the state in which he is domiciled, that is, his permanent home to which he intends to return whenever he is absent. Id. at 1257-58. Where a plaintiff shows that a party had a former domicile, "the burden shifts to the defendant to present evidence that the domicile changed." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (applying this rule where the plaintiff was the party whose domicile was in question). Where the defendant then provides evidence

---

[1] The Magistrate Judge's recommendation finding diversity jurisdiction was based on the evidence he had before him at the time he issued his Report and Recommendation. Unfortunately, Wall's counsel waited until after the Magistrate Judge issued the Report and Recommendation to put forward additional evidence that calls into question whether House's citizenship is diverse from Covington's. While in other circumstances the Court would not be inclined to consider such late-filed evidence, the Court will consider the evidence of House's citizenship because it goes to subject-matter jurisdiction.

2

that the party resided elsewhere at the relevant time, the burden shifts back to the plaintiff to show the relocation was temporary in nature. King, 505 F.3d at 1171.

Covington presented evidence that House had medical bills from a Jacksonville, Florida hospital that were sent to a Fernandina Beach, Florida address after his September 11, 2013 discharge. (Doc. 11 at 63). Wall acknowledged that, at least as late as August 31, 2013, House lived in Florida. (Doc. 36 at 3). Covington therefore met its burden of establishing a former domicile for House. The only evidence Wall presented that suggested that House was domiciled anywhere other than Florida on April 11, 2014, the date of the Complaint, was that he was allegedly served with the Complaint in Georgia in August 2014. (Doc. 28 at 19). Accordingly, the Magistrate Judge found by a preponderance of the evidence that House was a Florida citizen when the Complaint was filed. (Doc. 45 at 15).

In objecting to the Report and Recommendation, Wall presented new evidence that House sold his Fernandina Beach property on December 24, 2013. (Doc. 57 at 9). With the aid of this new evidence, the question of House's citizenship becomes much closer.

After Wall submitted evidence that House sold his Fernandina Beach property, Covington filed a motion seeking to dismiss its claims as to House without prejudice to preserve diversity jurisdiction. (Doc. 60). Wall opposed that relief (Doc. 63) but Busey consented to it (Doc. 66). As Covington notes, courts may dismiss a dispensable non-diverse party to retain jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989).

3

Covington has repeatedly referred to Wall and House as necessary parties. (Doc. 11 at 12, 14; Doc. 30 at 2). Indeed, third-party claimants have an interest in declaratory judgment actions to determine insurance coverage, and therefore should be joined as parties. See, e.g., Balfour Beatty Const., LLC v. Zurich Am. Ins. Co., No. 2:13-CV-205-FTM-38, 2014 WL 1230650, at *2-4 (M.D. Fla. Mar. 25, 2014); Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc., No. 809-CV-1129-T-24MAP, 2009 WL 3446745, at *2 (M.D. Fla. Oct. 21, 2009). Therefore, Wall is a necessary party to an action to determine Covington's obligations regarding Wall's personal injury claims, and House is a necessary party to an action to determine Covington's obligations regarding House's personal injury claims.

Covington and Busey, however, argue that House is not a necessary party to an action to determine Covington's obligations with respect to Wall's personal injury claims. (Doc. 60 at 8; Doc. 66).

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1)

Even without House, the Court can accord the remaining parties complete relief in determining whether Covington has an obligation to defend or indemnify Busey as to Wall's personal injury claims. Cf. Barow v. OM Fin. Life Ins. Co., No. 8:11-CV-00159-T-33, 2011 WL 2649987, at *2 (M.D. Fla. July 6, 2011) (holding that the court

4

could provide complete relief in suit to recover 50% of death benefit from life insurance policy without joining claimant on other 50% of death benefit). Even were Covington to succeed in this action, that judgment would not bind House since "[a] declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action." Indep. Fire Ins. Co. v. Paulekas, 633 So. 2d 1111, 1113 (Fla. Dist. Ct. App. 1994). As such, House's interests will not be impaired or affected if the action to determine Covington's liability to Wall proceeds.

Finally, a determination in this case would not leave any party with a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Inconsistent obligations exist where a party cannot comply with one court's order without violating another court's order about the same incident. Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040 (11th Cir. 2014). House's dismissal leaves open the possibility of different results, such as Covington having a duty to indemnify Busey with respect to only House's claims or only Wall's claims. However, there is no possibility of inconsistent obligations, since Covington's liability for Wall's personal injury claims will be fully and finally determined in this suit, and Covington and House remain free to adjudicate their claims in another forum.[2]

If the case was newly filed, the Court might be more inclined to deny the motion to drop House, dismiss the case for lack of diversity jurisdiction and allow both House's and Wall's coverage issues to be decided in a state forum. But Covington and Busey

---

[2] Busey supports this scenario as well.

5

persuasively argue that the case vis-à-vis Covington and Wall is fully developed such that the Court should proceed. Moreover, House is not only potentially non-diverse, he is contending he was not even properly served with the Complaint, a matter the Magistrate Judge was preparing to address in an evidentiary hearing. In these circumstances, dropping House and proceeding to determine Wall's coverage makes sense.

House is a dispensable potentially non-diverse party who may be dismissed. With House dismissed, the Court has diversity jurisdiction over this action.

Accordingly, it is hereby

**ORDERED:**

1. Covington's Motion to Drop House (Doc. 60) is **GRANTED**. This case is dismissed without prejudice as to Defendant James House. This dismissal also applies to Covington's request for a declaratory judgment against Busey with respect to House's personal injury claims.

2. The Report and Recommendation of the Magistrate Judge is **ADOPTED** as the Opinion of the Court, except as discussed above.

3. Wall's Motions to Dismiss (Doc. 9; Doc. 27) and Motion to Strike (Doc. 12) are **DENIED**.

4. House's Motion to Quash Service (Doc. 25) is **DENIED** as moot.

5. Wall has until **April 1, 2015** to answer the Complaint.

6. No later than **April 1, 2015** the parties should file a joint notice proposing how the case should proceed, including whether Covington's motion to

6

compel remains for determination (in light of Covington's and Busey's representation that discovery as to Wall is completed), whether the Court should set a date for dispositive motion practice, and any other scheduling issue.

**DONE AND ORDERED** in Jacksonville, Florida the 11th day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record

Honorable James R. Klindt
United States Magistrate Judge