UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COVINGTON SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No. 3:14-cv-425-J-32JRK

S. BROOKS BUSEY,

    Defendant.

## O R D E R

The press of business and the priority that had to be given to other cases has caused Defendant S. Brooks Busey's Amended Motion for Attorney's Fees (Doc. 105) to remain pending for too long.[1] Defendant Busey seeks a lodestar fee of $131,032.50 and a multiplier of two for a total fee of $262,065 incurred by the Busey firm in defending this case. Plaintiff Covington Specialty Insurance Company has conceded Defendant Busey's entitlement to fees but says the amount should be in the $65,000-$72,000 range, with no multiplier. (Doc. 106 at 5). The Court has now considered the Amended Motion, the voluminous attachments (Doc. 105-1 – Doc. 105-10), Plaintiff Covington's response in opposition (Doc. 106), and Defendant Busey's reply (Doc. 111). These filings include time records, affidavits, and other materials which the Court has reviewed in detail. In the interest of avoiding further delay, the Court's Order will be

---

[1] The parties settled the case but left the amount of attorney's fees for the Court to resolve.

relatively brief, but the Court assures the parties that it has given the matter careful consideration.

### A. Rates Charged

> In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The relevant legal community" is generally the place where the case is filed. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). In determining if the requested rate is reasonable, the court may consider the applicable Johnson factors and may rely on its own knowledge and experience. Norman, 836 F.2d at 1299–1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quotations omitted)); see Johnson [v. Ga. Hwy. Express, Inc.], 488 F.2d [714,] 717–19 [(5th Cir. 1974)]. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence may be opinion evidence or the charges of lawyers in similar circumstances. Id. "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." Id.

Church of Our Savior v. City of Jacksonville Beach, 108 F. Supp. 3d 1259, 1271 (M.D. Fla. 2015).

Applying these principles, the Court has no doubt that the Busey firm routinely charges and collects the hourly rates requested and likely much higher rates.

2

However, this is an insurance coverage dispute, and the rates that this Court can award must be calibrated to the type of case. Therefore, though Defendant Busey was fortunate to have the Busey firm represent him,[2] the Court cannot award hourly rates based upon the rates the Busey firm charges in other more complex cases. Taking into account this and the opinions of Plaintiff Covington's expert, the Court will reduce Mr. Busey's hourly rate from the requested $413.21 to $400,[3] Mr. Bolling's hourly rate from $333.67 to $315, Mr. Syed's hourly rate from $260.68 to $200, and paralegal Kimberly Hettinger's hourly rate from $135 to $100. See e.g., Am. Home Assurance Co. v. Weaver Aggregate Transport, Inc., 89 F. Supp. 3d 1294, 1305–06 (M.D. Fla. 2015).

### B. Hours Expended

Even though this case never had a hearing and settled before the Court could rule on the motion for summary judgment, it was nevertheless aggressively litigated by all sides and had more than its share of jurisdictional, discovery, and other disputes over a 13 month period. Defendant Busey was required to file a full-fledged motion for summary judgment before the case ultimately settled. (Doc. 76). And, based upon Busey's description of the settlement, which is not disputed by Covington, Busey obtained a favorable result in a case where there was $1,000,000 of insurance coverage in dispute. Thus, the Court finds the number of hours billed by the Busey firm to be

---

[2] Defendant Busey's father is the senior partner of the Busey firm.

[3] Even this hourly rate may be a little high for this type of litigation, but it is not typical to have a lawyer of 46 years experience participating in such a case.

3

generally appropriate given both the type and the nature of the litigation. However, as with most billing, there is some extraneous and redundant time. While the Court may conduct an hour-by-hour analysis to evaluate the reasonableness of the hours expended, the Court, if appropriate, can also apply an across-the-board reduction. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008), rev'd and remanded, 559 U.S. 542 (2010); Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994); Trujillo v. Banco Central Del Ecuador, 229 F. Supp. 2d 1369, 1375 (S.D. Fla. 2002). This is an appropriate case for utilizing the across-the-board method. The Court believes that a 10% reduction is appropriate.

### C. Results Obtained (Multiplier)

In rare or exceptional cases, like those involving superior performance, an extreme outlay of expenses, or exceptionally protracted litigation, an enhancement to the lodestar may be permitted. North Pointe Ins. Co. v. City Wide Plumbing, Inc., No. 2:13–cv–30–FtM–29DNF, 2014 WL 3540645, at *4 (M.D. Fla. July 17, 2014) (citing Perdue, 559 U.S. at 552–53). While the performance of the Busey firm was of high quality and reached a favorable result for its client, the Court does not find this to be an exceptional case warranting the application of a multiplier.

### D. The Fee Award

The Court finds Mr. Busey's hourly rate to be $400 x 86.2 hours, for a total of $34,480; Mr. Bolling's hourly rate to be $315 per hour x 193.1 hours, for a total of $60,826.50; Mr. Syed's hourly rate to be $200 per hour x 113.2 hours, for a total of

4

$22,640; and Ms. Hettinger's hourly rate to be $100 per hour x 10.9 hours, for a total of $1,090. The lodestar equals $119,037, which the Court then discounts by 10%, for a final fee award of **$107,133.30**.[4]

Accordingly, it is hereby

**ORDERED:**

1. Defendant S. Brooks Busey's Amended Motion for Attorney's Fees is **GRANTED in part**. (Doc. 105).

2. The Clerk shall enter judgment in favor of Defendant S. Brooks Busey and against Plaintiff Covington Specialty Insurance Company in the amount of **$107,133.30** as attorney's fees.

**DONE AND ORDERED** in Jacksonville, Florida the 7th day of June, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

---

[4] Defendant Busey did not file a Bill of Costs, so the Court does not award costs.